UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY B. JOHNSON,<br><br>      Plaintiff,<br><br>    v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>      Defendant. | Civil Action No. 23-0068 (APM) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DEDRA S. CURTEMAN
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia

*Attorneys for the United States of America*

# **TABLE OF CONTENTS**

BACKGROUND ................................................................................................................... 1

    I.     STATUTORY AND REGULATORY BACKGROUND ...................................... 1

    II.    PLAINTIFF'S FOIA REQUEST AND CBP'S PROCESSING ............................ 2

LEGAL STANDARD ............................................................................................................ 3

ARGUMENT .......................................................................................................................... 5

    I.     Plaintiff's Motion Fails to Warrant Expedited Processing. .................................... 5

CONCLUSION ..................................................................................................................... 11

# **TABLE OF AUTHORITIES**

Cases

*Al-Fayed v. CIA*,
    254 F.3d 300 (D.C. Cir. 2001) .................................................................................... 7, 8, 10

*Am. Ctr. for Law & Just. v. Dep't of State*,
    249 F. Supp. 3d 275 (D.D.C. 2017) ..................................................................................... 9

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................................................................. 3

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................................. 3

*Clemente v. FBI*,
    71 F. Supp. 3d 262 (D.D.C. 2014) ....................................................................................... 9

*Colbert v. FBI*,
    Civ. A. No. 16-1790 (DLF), 2018 WL 6299966 (D.D.C. Sept. 3, 2018) .......................... 4, 5

*Daily Caller v. Dep't of State*,
    152 F. Supp. 3d 1 (D.D.C. 2015) ......................................................................................... 1

*Citizens for Resp. & Ethics in Wash. v. Dep't of Labor*,
    478 F. Supp. 2d 77 (D.D.C. 2007) ....................................................................................... 4

*Energy Future Coal. v. Off. of Mgmt. & Budget*,
    200 F. Supp. 3d 154 (D.D.C. 2016) ..................................................................................... 5

*Energy Pol'y Advocs. v. Dep't of Interior*,
    Civ. A. No. 21-1247 (JEB), 2021 WL 4306079 (D.D.C. Sept. 22, 2021) .......................... 10

*Citizens for Resp. & Ethics in Wash. v. FEC*,
    711 F.3d 180 (D.C. Cir. 2013) ............................................................................................. 9

*Harrington v. FDA*,
    581 F. Supp. 3d 145 (D.D.C. 2022) ..................................................................................... 4

*Larson v. Dep't of State*,
    565 F.3d 857 (D.C. Cir. 2009) ............................................................................................. 4

*Legal Eagle, LLC v. Nat'l Sec. Council*,
    Civ. A. No. 20-1732 (RC), 2021 WL 1061222 (D.D.C. Mar. 18, 2021) ........................... 10

*Long v. Dep't of Homeland Sec.*,
    436 F. Supp. 2d 38 (D.D.C. 2006) ....................................................................................... 9

*Media Rsch. Ctr. v. Dep't of Justice*,
  818 F. Supp. 2d 131 (D.D.C. 2011) ................................................................................ 4

*Middle E. Forum v. Dept' of Homeland Sec.*,
  297 F. Supp. 3d 183 (D.D.C. 2018) ..................................................................... 4, 5, 6, 7

*Mil. Audit Project v. Casey*,
  656 F.2d 724 (D.C. Cir. 1981) ......................................................................................... 4

*N.Y. Times Co. v. Def. Health Agency*,
  Civ. A. No. 21-0566 (BAH), 2021 WL 1614817 (D.D.C. Apr. 25, 2021) ...................... 9

*Nat'l Sec. Counselors v. Dep't of Just.*,
  848 F.3d 467 (D.C. Cir. 2017) ......................................................................................... 4

*Open Am. v. Watergate Special Prosecution Force*,
  547 F.2d 605 (D.C. Cir. 1976) ................................................................................ 1, 4, 5

*Privacy Info. Ctr. v. Dep't of Just.*,
  15 F. Supp. 3d 32 (D.D.C 2014) ...................................................................................... 5

*Privacy Info. Ctr. v. Dep't of Just.*,
  322 F. Supp. 2d 1 (D.D.C. 2003) ..................................................................................... 9

*SafeCard Servs., Inc. v. Sec. Exchange Comm'n*,
  926 F.2d 1197 (D.C. Cir. 1991) ....................................................................................... 4

<u>Statutes</u>

5 U.S.C. § 552(a)(6)(E) ........................................................................................................ 1

Pub. L. No. 104-231 ............................................................................................................. 1

<u>Rules</u>

Fed. R. Civ. P. 56(a) ............................................................................................................ 3

<u>Regulations</u>

6 C.F.R. § 5.5(a) .............................................................................................................. 1, 8

6 C.F.R. § 5.5(e)(1) .......................................................................................................... 2, 9

6 C.F.R. § 5.5(e)(3) .............................................................................................................. 9

This Court should deny Plaintiff's, Larry B. Johnson's ("Plaintiff's"), motion for a summary judgment, ECF No. 12, which seeks to jump the line on all other Freedom of Information Act ("FOIA") requestors. Contrary to Plaintiff's unfounded assertion that Customs and Border Protection ("CBP" or the "Agency") has "stonewalled" Plaintiff, the Agency has expended significant resources and worked diligently to respond to Plaintiff's broad request and has provided non-exempt, responsive records, in accordance with all agreed upon and Court-ordered deadlines.

## BACKGROUND

### I. Statutory and Regulatory Background

Agencies ordinarily process FOIA requests for agency records on a first-in, first-out basis. *Daily Caller v. Dep't of State*, 152 F. Supp. 3d 1, 8 (D.D.C. 2015) (citing *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976)). In 1996, Congress amended the FOIA to provide for "expedited processing" of certain categories of requests. *See* Electronic Freedom of Information Amendments of 1996 ("EFOIA"), Pub. L. No. 104-231, § 8 (codified at 5 U.S.C. § 552(a)(6)(E)). Expedition, when granted, entitles requesters to move immediately to the front of the applicable processing queue, ahead of requests filed previously by other persons, but added to a queue of other outstanding requests granted expedited processing. As explained in Department regulations, "[c]omponents ordinarily will respond to requests according to their order of receipt." 6 C.F.R. § 5.5(a). Department regulations allow expedited processing when the "component determines that [a request] involve[s]: (i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and

exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."  6 C.F.R. § 5.5(e)(1).  "If expedited processing is granted, the request shall be given priority, placed in the processing track for expedited requests, and shall be processed as soon as practicable."  *Id.* § 5.5(e)(4); *see also* 5 U.S.C. § 552(a)(6)(E)(iii).

## II.     Plaintiff's FOIA Request and CBP's Processing

CBP is the largest federal law enforcement agency in the United States and is charged with keeping terrorists and their weapons out of the United States, while also facilitating lawful international travel and trade.  Decl. of Patrick Howard ("Howard Decl.") ¶ 5.  The Agency is comprised of more than 60,000 employees who are charged with enforcing hundreds of federal statutes.  *Id.* ¶ 6.  CBP is comprised of three law enforcement components, including the Office of Field Operations, United States Border Patrol, and the Air and Marine Operations.  *Id.*

The FOIA Division at CBP reviews FOIA requests, determines whether responsive records exist, and if so, determines whether information can be released consistent with FOIA.  *Id.* ¶ 4.  In processing such requests, the FOIA Division consults with CBP component agencies, CBP personnel and, when appropriate, with other components within DHS, as well as other Executive Branch agencies.  *Id.*

Upon receiving a FOIA request, CBP FOIA staff evaluate the request and consider which components, offices, databases, and personnel are likely to have responsive information, including, but not limited to the Office of Field Operations, the Office of Professional Responsibility, and Labor and Employee Relations.  *Id.* ¶ 7.  Presently, CBP has 84,297 FOIA requests pending processing and over 120 FOIA cases in active litigation.  *Id.* ¶ 8.  Despite the large size of CBP as an organization and the number of currently pending FOIA requests, the FOIA Division consists of twenty-nine full time staff and FOIA processors, fourteen FOIA assistants, and six supervisory employees.  *Id.* ¶ 9.  During fiscal year 2020, the FOIA Division received 80,366 FOIA requests

and processed 90,543 FOIA requests. *Id*. ¶ 12. During fiscal year 2021, the FOIA Division received 108,177 FOIA requests and processed 90,576 FOIA requests. *Id*. During fiscal year 2022, the FOIA Division received 132,117 FOIA requests and processed 111,571 FOIA requests. *Id*.

Plaintiff made a FOIA request to CBP on November 8, 2022, seeking the video, audio, and written records of his November 1, 2022, detention at the Port of Blaine, in Washington. ECF No. 1 ¶ 26. *See also* Howard Decl. ¶ 17. On April 7, 2023, the Agency provided a response to Plaintiff's FOIA request consisting of 12 pages of documents. Howard Decl. ¶ 18. The only remaining responsive information to be provided by the Agency is roughly eight hours of video and audio recording. *Id*. ¶ 18. Due to the quality and type of video, processing is conducted through individual, five-minute increments. *Id*. ¶ 20. The FOIA Division processes FOIA requests according to an established queue. *Id*. ¶ 21.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch. Ctr. v. Dep't of Justice*, 818 F. Supp. 2d 131, 137 (D.D.C. 2011) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

Courts give agency declarations "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

"Courts have broad discretion to determine a reasonable processing rate for a FOIA request." *Colbert v. FBI*, Civ. A. No. 16-1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (collecting cases). "Several factors inform the analysis, including the size and compelling need of the request compared to others, as well as the effect of the request on the [agency's] ability to review other FOIA requests." *Id*. Courts within the D.C. Circuit have "considered the effect of other FOIA requests when analyzing the burden on an agency of meeting deadlines for review and production of FOIA material in a given case." *Middle E. Forum v. Dept' of Homeland Sec.*, 297 F. Supp. 3d 183, 185 (D.D.C. 2018) (collecting cases). In this vein, "courts have looked to the volume of requests an agency faces, how much requests to the agency have increased in recent years, the resources and capacity of the agency, other FOIA litigation in which the agency is involved, the

agency's release policies, and how ordering swifter production would affect other FOIA requesters patiently waiting their turn." *Harrington v. FDA*, 581 F. Supp. 3d 145, 150 (D.D.C. 2022) (citing *Nat'l Sec. Counselors v. Dep't of Just.*, 848 F.3d 467, 471-72 (D.C. Cir. 2017); *see also Open Am.*, 547 F.2d at 614; *Middle E. Forum*, 297 F. Supp. 3d at 185-86; *Colbert*, 2018 WL 6299966, at *3; *Energy Future Coal. v. Off. of Mgmt. & Budge*t, 200 F. Supp. 3d 154, 161 (D.D.C. 2016); *Elec. Privacy Info. Ctr. v. Dep't of Just.*, 15 F. Supp. 3d 32, 47 (D.D.C 2014)).

## ARGUMENT

### I.     Plaintiff's Motion Fails to Warrant Expedited Processing.

Plaintiff asks the Court to order the Agency to immediately process a November 1, 2022, video requested by Plaintiff in his FOIA request. *See* ECF No. 13, at 5. Specifically, Plaintiff asks this Court to "order that the Johnson November 1, 2022, video be copied and produced to the requesting plaintiff in one day." *Id*. The Court should deny Plaintiff's motion because the relief requested would upend the Agency's FOIA resources and would displace the other numerous pending FOIA requests, including those in litigation. Setting aside the resource constraints and displacement of other requests, Plaintiff has not shown that expedited processing is warranted under the applicable Agency regulations, which require, as applicable, current exigency or that the matter is one of widespread and exceptional media interest, and that absent expedited processing, significant adverse consequences will result.

Although the Agency is not seeking a stay of this case under *Open America*, 547 F.2d at 605, it is appropriate for the Court to consider the facts, circumstances, and practicalities facing the Agency's FOIA staff in evaluating Plaintiff's request for an increased processing rate. *See, e.g.*, *Middle E. Forum*, 297 F. Supp. 3d at 185 (courts in D.C. Circuit have considered the effect of other FOIA requests when analyzing the burden on an agency of meeting deadlines for review

and production of FOIA material); *Elec. Privacy Info. Ctr. v. Dep't of Just.*, 15 F. Supp. 3d 32, 47 (D.D.C. 2014) (denying plaintiff's motion for preliminary injunction requesting immediate production of documents pursuant to FOIA request, weighing the effect an injunction would have on other FOIA requesters, and noting that agencies typically respond to FOIA requests on a "first-in/first-out" basis unless a requestor shows a compelling need for expedition).

The accompanying Howard Declaration explains that CBP, the largest federal law enforcement agency in the United States, has 84,297 FOIA requests waiting to be processed and over 120 FOIA cases in active litigation. *Id.* ¶¶ 5, 8. With a limited staff of twenty-nine full time staff and FOIA processors, fourteen FOIA assistants, and six supervisory employees, the Agency is overwhelmed in its ability to respond to FOIA requests and manage FOIA requests in active litigation. *Id.* ¶ 9. The Agency recently provided a response to Plaintiff, including twelve pages of documents, on April 7, 2023, and the only remaining responsive information to be provided to Plaintiff is roughly eight hours of video and audio recording. *Id.* ¶ 19. Due to the quality and type of video and the Agency's existing queue, processing is conducted in individual five-minute increments. *Id.* ¶¶ 20-21. As explained in the Howard Declaration, Plaintiff's request that the Court order the Agency to provide all responsive audio and video within one day, would move Plaintiff to the front of the line, bypassing all other requests currently pending in line ahead of Plaintiff. *Id.* ¶ 21.

Given the Agency's limited staff resources, number of active FOIA requests, and number of active litigation matters that it is processing ahead of Plaintiff's request, it is reasonable for the Agency to continue to process the video in its established review queue. *See Middle E. Forum*, 297 F. Supp. 3d at 185-86 (considering the effect of other FOIA requests when analyzing the burden on an agency of meeting deadlines for review and production of FOIA material in a given

case, as well as the volume of requests, resources and capacity of the agency, other FOIA litigation in which the agency is involved, and how ordering swifter production would affect other FOIA requesters patiently waiting their turn).

Any order for increased processing—let alone Plaintiff's request for the Agency to make the video "immediately" available—would cause substantial disruption to the processing of pending FOIA requests and ongoing FOIA litigation and would displace other pending FOIA requests. Howard Decl. ¶ 21.

Further, Plaintiff has not demonstrated that he is entitled to expedited processing under the applicable FOIA regulations, which require that a plaintiff show a compelling need as to why it should be allowed to jump to the front of the line. *See Middle E. Forum*, 297 F. Supp. 3d at 186. Though the Agency's delay in processing is not demonstrated in Plaintiff's motion, he alleges that the Agency seeks to delay processing because the Agency wants to deny Plaintiff access to a video that he believes will assist his Federal Torts Claims Act administrative claim. *See* ECF No. 13, at 7. Not so. Rather, the Agency is processing the video as part of its established queue, and the present litigation is one of 120 FOIA cases in active litigation. Howard Decl. ¶¶ 8, 21. In any event, Plaintiff's need for the video to enable him to litigate his Federal Tort Claims Act claim with the Agency is insufficient to warrant the Agency's expedited processing. *See* ECF No. 13, at 6 (stating "[t]he video of Mr. Johnson's fainting and collapsing from his chair to the floor of the CBP interrogation room is obviously imperative evidence to sustain the FTCA claim pending before the agency."). As the D.C. Circuit explained in *Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001), "[a]s an overarching principle, the legislative history [of FOIA] declares that '[t]he specified categories for compelling need are intended to be narrowly applied.'" *Id.* (quoting H.R. Rep. No. 104-795, at 26 (1996)). "Congress' rationale for a narrow application is clear: 'Given

the finite resources generally available for fulfilling FOIA requests, unduly generous use of the expedited processing procedure would unfairly disadvantage other requestors who do not qualify for its treatment.'" *Id*. Thus, the applicable standard to be applied for expedited processing is an "urgency to inform" which "requires that the information requested should pertain to a matter of current exigency to the American public and that a reasonable person might conclude that the consequences of delaying a response to a FOIA request would compromise a significant recognized interest." *Id*. "The public's right to know, although a significant and important value, would not by itself be sufficient to satisfy this standard." *Id*.

Thus, there are three relevant factors, including: (1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity. *Id*. Plaintiff's request for the CBP video, however, is not a request concerning a matter of current exigency to the American public. Rather, the requested video is for Plaintiff's own benefit—to assist him with his Federal Tort Claims Act administrative claim. *See* ECF No. 13, at 6. Thus, the Court should deny Plaintiff's motion because it has not "demonstrated that [its] FOIA request[] relate[s] to a matter of current exigency to the American public." *See Al-Fayed*, 254 F.3d at 233 (cleaned up).

Separately, Department of Homeland Security regulations allow CBP to determine if expedited processing is warranted when the component determines that a requestor has established (1) an imminent threat to the life or physical safety of an individual, (2) an "urgency to inform the public about an actual or alleged federal government activity," (3) a threatened loss of substantial due process rights, or (4) "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R.

§ 5.5(e)(1). Expediting a request, however, is discretionary, and "[c]omponents ordinarily will respond to requests according to their order of receipt." 6 C.F.R. § 5.5(a). "If expedited processing is granted, the request shall be given priority, placed in the processing track for expedited requests, and shall be processed as soon as practicable." *Id.* § 5.5(e)(4); *see also* 5 U.S.C. § 552(a)(6)(E)(iii). CBP has not determined that a compelling need is present under its regulations.[1] In any event, Plaintiff has not claimed that his request implicates an imminent threat to his life or physical safety, an urgency to inform the public about an actual or alleged federal government activity, a threatened loss of substantial due process rights, or a matter of widespread and exceptional medial interest which present possible questions about the government's integrity. *See* 6 C.F.R. § 5.5(e)(1). *C.f., e.g.*, *Clemente v. FBI*, 71 F. Supp. 3d 262 268-69 (D.D.C. 2014) (ordering FBI to process 5,000 pages per month where requests involved serious allegations of widespread corruption in law enforcement, requestor represented in litigation individuals who were victims of allegedly corrupt FBI agent, and requestor provided medical records showing she had terminal illness); *see also*

---

[1] Additionally, under Department regulations, a "requestor who seeks expedited processing must submit a statement certified to be true and correct, explaining in detail the basis for making the request for expedited processing." 6 C.F.R. § 5.5(e)(3). Plaintiff's request for administrative expedited processing (that a response be issued "within 20 business days"), ECF No. 1 at "FOIA and Privacy Act Request," contained no certified statement. Further, the remedy for an agency's failure to respond to a FOIA request within twenty days is not the immediate release of materials; rather, the only consequence of an agency's failure to issue a determination within the twenty-day statutory period, standing alone, is that the agency cannot rely on the administrative exhaustion requirement in the FOIA to keep a case from getting into court. *See N.Y. Times Co. v. Def. Health Agency*, Civ. A. No. 21-0566 (BAH), 2021 WL 1614817, at *5 (D.D.C. Apr. 25, 2021) ("the consequence of agency delay in rendering such a determination [in twenty days] bears only on the requester's ability to get into court" (quoting *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013))); *see also Am. Ctr. for Law & Just. v. Dep't of State*, 249 F. Supp. 3d 275, 283 (D.D.C. 2017) ("the sole penalty for mere procrastination is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court") (internal quotations omitted); *Long v. Dep't of Homeland Sec.*, 436 F. Supp. 2d 38, 43 (D.D.C. 2006) (department's failure to comply with the FOIA statutory deadlines "does not establish plaintiffs' right to expedited processing").

*Elect. Privacy Info. Ctr. v. Dep't of Just.*, 322 F. Supp. 2d 1, 5-6 (D.D.C. 2003) (declining to find that a matter was one of a "widespread and exceptional media interest" when the matter appeared in thirty-one newspaper articles); *Energy Pol'y Advocs.. v. Dep't of Interior*, Civ. A. No. 21-1247 (JEB), 2021 WL 4306079, at *4 (D.D.C. Sept. 22, 2021) (declining to find that the information requested was time sensitive or was a matter of genuine widespread public concern where plaintiff's cited concerns involved a government official's potential conflicts).

Plaintiff's brief also fails to identify any adverse consequences that will occur if its request for expedited processing is denied. *See Al-Fayed*, 254 F.3d at 311 (citing H.R. Rep. No. 104-795) ("By requiring a 'compelling need,' the expedited access procedure is intended to be limited to circumstances in which a delay in obtaining information can reasonably be foreseen to cause a significant adverse consequence to a recognized interest."). Based on Plaintiff's pleadings, it is unclear what "significant recognized interest" would be compromised by continuing to release the documents within the Agency's ability to review and process at its current rate. *Energy Pol'y Advocs.,* 2021 WL 4306079, at *4. Plaintiff has not established that having to wait for the responsive information "justif[ies] placing its request[ ] ahead of others." *Legal Eagle, LLC v. Nat'l Sec. Council*, Civ. A. No. 20-1732 (RC), 2021 WL 1061222, at *6 (D.D.C. Mar. 18, 2021).

\*     \*     \*

## CONCLUSION

For all the reasons set forth above, this Court should deny Plaintiff's motion for summary judgment and refrain from ordering the Agency to make the requested video immediately available to Plaintiff.

Dated: June 28, 2023
Washington, DC

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES, D.C. Bar #481052
                                  United States Attorney

                                  BRIAN P. HUDAK
                                  Chief, Civil Division

                                  By:      */s/ Dedra S. Curteman*
                                  DEDRA S. CURTEMAN
                                  Assistant United States Attorney
                                  601 D Street, NW
                                  Washington, DC 20530
                                  (202) 252-2550

                                  *Attorneys for the United States of America*